IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD SINGER,

    Plaintiff,

vs.                                                          No. 1:20-CV-00972-JAP-JFR

THE UNITED STATES OF AMERICA,

    Defendant.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to *Fed. R. Civ. P.* 26(f), a meeting was held and attended by Cynthia L. Zedalis (Hunt Law Firm), for Plaintiff Edward Singer, and Erin E. Langenwalter, Assistant United States Attorney, for Defendant United States of America.

**NATURE OF THE CASE**

This is a medical malpractice claim arising under the Federal Tort Claims Act (FTCA), 28 USC §1346, and the New Mexico Medical Malpractice Act against Defendant United States of America, NMSA § 41-5-1 *et. seq.*, for the alleged medical malpractice at Northern Navajo Medical Center, Shiprock, New Mexico. It is alleged that the medical providers subject to Plaintiff's claims were employees or agents of Defendant at the time the medical malpractice occurred.

Defendant denies Plaintiff's allegations and denies that it is liable to Plaintiff for damages.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

**Plaintiff**: Plaintiff does not anticipate amending the pleadings but reserves the right to do so in the event additional parties or claims are revealed in discovery.

Plaintiff should be allowed until **February 1, 2021** to move to amend the pleadings and until **March 1, 2021** to join additional parties in compliance with the requirements of *Fed. R. Civ. P.* 15(a).

**Defendant**: Defendant does not anticipate amending the pleadings but reserves the right to do so in the event additional parties or claims are revealed in discovery.

Defendant should be allowed until **March 15, 2021** to move to amend its pleadings and until **April 2, 2021** to join additional parties in compliance with the requirements of *Fed. R. Civ. P.* 15(a).

## STIPULATIONS

The parties stipulate to the following facts:

1. Venue is proper in this Court.

2. This Court has jurisdiction over the parties and the subject matter alleged in Plaintiff's Complaint.

3. The parties further stipulate and agree that the law governing this case is the law of the State of New Mexico and the Federal Tort Claims Act.

## PLAINTIFF'S CONTENTIONS

Plaintiff Edward Singer, a visual artist and enrolled member of the Navajo Nation, was a long-term patient of Northern Navajo Medical Center ("NNMC"), an Indian Health Services ("IHS") facility subject to the Federal Tort Claims Act. Plaintiff contends that in providing care to Plaintiff Edward Singer, NNMC acted through its agent health care providers, including but not limited to, Thomas Burnison, M.D., Brian Demby, M.D., Dana Ewer, R.N., and Deanna Barton, R.N.

Plaintiff contends that NNMC's medical providers acted at all times in the course and scope of their duties. Plaintiff contends that NNMC was negligent in failing to properly treat his broken finger, which ultimately led to the amputation of his left pinky finger.

Plaintiff contends that NNMC failed to meet the standard of care expected of reasonably well qualified outpatient primary care when evaluating and treating Mr. Singer's fractured finger. Specifically, NNMC failed to adequately place and monitor the splint that its providers placed on Mr. Singer's finger. As a result of NNMC's improper splinting, Mr. Singer's finger developed gangrene and was amputated. Mr. Singer's hand is now disfigured, and he continues to experience pain and suffering as a result of the amputation of his finger.

## DEFENDANT UNITED STATES' CONTENTIONS

Defendant United States denies Plaintiff's allegations against it and denies Plaintiff's characterization of Defendant's care and treatment of Mr. Singer as alleged in Plaintiff's Complaint. Plaintiff presented to the Emergency Department at NNMC on February 26, 2018, complaining of pain and deformity in his left fifth finger. Plaintiff reported that he could not bend the finger and had injured it nine days earlier when he fell. Plaintiff was triaged by Dana Ewer, RN. Dr. Thomas Burnison performed an exam, which revealed limited range of motion of the finger, tenderness and swelling with dark bruising and "nl [normal] sensation." An x-ray taken at 10:38 am and interpreted by Dr. Brian Demby revealed "dorsal dislocation of the fifth PIP joint. No associated fracture." After consultation with orthopedics, Dr. Burnison performed a reduction. Because the first post reduction x-ray showed no change, due to the removal of the splint, the finger was reduced again, wrapped, and splinted. Plaintiff was given discharge instructions, which including but not limited to a directives that "if there is question of circulatory compromise, then contact your doctor or return to the Emergency Department promptly," and to follow up at the orthopedic clinic in seven days. Plaintiff

did not return until 10 days later, when he presented to the Emergency Department with a "black left pinky finger" that he had just noticed that morning.

At all times relevant, Defendant and its employees possessed and applied the knowledge and used the skill and care ordinarily used by hospitals and physicians of the same type and specialty giving due regard to the locality involved. If Defendant United States of America was negligent, which is specifically denied, under the Federal Tort Claims Act, the United States is liable in the same manner and to the same extent as a private individual under like circumstances. Accordingly, the New Mexico Medical Malpractice Act, Section 41-5-1 et seq., NMSA, applies. To the extent that any of Plaintiffs' claims were not the subject of an administrative tort claim timely and properly presented, this court lacks jurisdiction over those claims. 28 U.S.C. § 2675(a). The United States is immune from suit for Plaintiffs' theories of ostensible agency, and/or vicarious liability and respondeat superior because the FTCA sets forth the parameters of the United States' waiver of sovereign immunity. Finally, any claims for negligent hiring, supervision, retention, or institutional negligence are precluded by the discretionary function exception to the Federal Tort Claims Act.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

**Witnesses and Exhibits**:  The parties will exchange Rule 26(a) initial disclosures on or before **January 6, 2021**.

**Plaintiff's Witnesses and Exhibits**:

At this time, Plaintiff intends to call the following witnesses to testify at the time of trial:

|     | Name and Address | Subject Matter of Testimony |
| --- | --- | --- |
| a. | Edward Singer<br>c/o Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Edward Singer has knowledge and information regarding the circumstances of what transpired before and after the injuries that are the subject matter of this lawsuit. This witness has knowledge and information regarding how this incident affected his life. |
| b. | Sonya Horoshko<br>c/o Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Sonya Horoshko has knowledge and information regarding the circumstances of what transpired before and after the injuries that are the subject matter of this lawsuit. This witness has knowledge and information regarding how this incident affected Mr. Singer |
| c. | Employees of Defendant United States of America, including but not limited to:<br>Northern Navajo Medical Center:<br>Thomas Burnison, M.D.<br>Brian Demby, M.D.<br>Dana Ewer, R.N.;<br>Deanna Barton, R.N.<br>Others in records<br>Northern Navajo Medical Center<br>P.O. Box 160<br>Shiprock, New Mexico 87420 | The medical personnel of Northern Navajo Medical Center will testify as to the lack of a proper medical diagnosis for Edward Singer and the treatment provided by various medical staff at this Indian Health Services facility. |
| d. | Employees of Mercy Medical Center, including but not limited to:<br>Kane L. Anderson, MD, Surgeon<br>Trevor G. Wall, PA-C, Assistant<br>Nathan D. Mark, DO, Anesthesiologist<br>c/o Mercy Medical Center<br>Risk Management<br>1010 Three Springs Blvd.<br>Durango, CO 81301 | The medical personnel of Mercy Medical Center will testify as to the lack of a proper medical diagnosis for Edward Singer and the treatment provided by various medical staff at this facility |
| e. | Family of Edward Singer<br>c/o Barudin Law Firm<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | The Singer family will testify as to how the amputation has affected the life of Edward Singer. |
| f. | Plaintiff intends to depose the following:<br>*Fed. R. Civ. P.* 30(b)(6) representative of NNMC | Plaintiff intends to depose a representative of NNMC with respect to the management, oversight, and training of personnel in its emergency department. |

Plaintiff intends to propound written and deposition discovery on the following subjects:

1. Evidence concerning the medical care and treatment NNMC provided Plaintiff on February 26, 2018.

2. The alleged breach of the duty of care of NNMC's emergency room providers, including physicians and nurses, who treated Plaintiff.

3. The management, oversight, and training of personnel in NNMC's emergency department at the time Plaintiff presented to the emergency room with a fractured finger.

4. Damages NNMC's negligence caused Plaintiff.

5. Defendant's affirmative defenses.

At this time, Plaintiff identifies the following exhibits:

1. Any medical records, reports, recordings, imaging, or electronically stored medical records pertaining to NNMC's treatment of Plaintiff's fractured finger.

2. Any medical records, reports, recordings, imagining, or electronically stored medical records pertaining to treatment Plaintiff received from any third party as a result of the fractured finger and the resulting amputation of his finger.

3. Any exhibits, studies, treatises, or other material relied on by experts for either Plaintiff or Defendant.

4. Any relevant documents obtained or produced during the discovery process.

**Plaintiff's Experts:**

Plaintiff has not yet retained experts, but expressly reserves the right to disclose expert witnesses in accordance with the deadlines set by the Court and the Federal Rules of Civil Procedure.

**Defendant's Witnesses and Exhibits:**

The following individuals may have knowledge regarding the Plaintiff' allegations:

1. Plaintiff Edward Singer
   c/o Ted Barudin
   Barudin Law Firm, P.C.
2. Dr. Thomas Burnison
   Four Corners Regional Health Center
   Junction US Hwy 160 Navajo Route 35
   HC 61 Box 30
   Teec Nos Pos, Arizona 86514
   c/o Erin Langenwalter, AUSA

   Dr. Burnison will testify about Mr. Singer's presentation, the diagnosis and treatment provided to Mr. Singer, and other matters related to Plaintiff's claims and Defendant's defenses.

3. Dr. Brian Demby
   Radiologist – Retired
   Northern Navajo Medical Center
   11799 Road 26
   Cortez, Colorado 81321
   c/o Erin Langenwalter, AUSA

   Dr. Demby will testify about Mr. Singer's presentation, his review of radiology reports, the diagnosis and treatment provided to Mr. Singer, and other matters related to Plaintiff's claims and Defendant's defenses.

4. Dana Ewer, R.N.
   Address Unknown (left 1-18-20)

5. Deanna Barton, R.N.
   Address Unknown (left 11-28-18)

6. Defendant United States may call any other witness identified through discovery;

7. Defendant United States may call any other witness identified by the parties;

8. Defendant United States may call rebuttal witnesses as necessary;

9. Defendant United States may call witnesses necessary to authenticate records and documents.

**Defendant's Experts:**

Defendant has not yet retained experts, but expressly reserves the right to disclose expert witnesses in accordance with the deadlines set by the Court and the Federal Rules of Civil Procedure.

**Discovery will be needed on the following subjects:**  Liability, causation and damages.

Maximum of twenty-five (25) interrogatories by a party to any other party.  (Responses due 30 days after service).

Maximum of twenty-five (25) requests for production by a party to any other party. (Response due 30 days after service).

Maximum of twenty-five (25) requests for admission by a party to any other party. (Response due 30 days after service).

Maximum of seven (7) depositions total by each party.

Each deposition (other than of expert witnesses) limited to maximum of four (4) hours and up to seven (7) hours for parties or experts, unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2)(B) and summary disclosures under Rule 26(a)(2(C) due:

   from Plaintiff(s) by:   **March 16, 2021**.

   from Defendant(s) by:   **May 3, 2021**.

Supplementation and rebuttal under Rule 26(e) due as required or authorized by the Federal Rules of Civil Procedure.

All discovery commenced in time to be completed by:  **June 18, 2021.**

Other Items: None.

## PRETRIAL MOTIONS

**Plaintiff intends to file**: Any discovery motions as may be required, motion(s) for summary judgment, including *Daubert* motions, and motions *in limine* for trial.

**Defendant intends to file**:  Any discovery motions as may be required, motion(s) for summary judgment, including *Daubert* motions, and motions *in limine* for trial.

## ESTIMATED TRIAL TIME

The parties estimate trial will require up to five trial days, not including voir dire.

  X   This is a non-jury case (As to the United States, pursuant to the Federal Tort Claims Act)

____ This is a jury case

The parties request a pretrial conference at least 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the close of discovery. However, the parties agree that settlement may be enhanced by use of the following alternative dispute resolution procedure: mediation.

## EXCEPTIONS

None at this time. The parties reserve the right to submit exceptions as may be known through discovery.

APPROVED WITH/WITHOUT EXCEPTIONS

BARUDIN LAW FIRM, P.C.

By:  /s/ *Theodore W. Barudin*
7900 Menaul Blvd. NE
Albuquerque, NM 87110-4606
P: (505) 332-1800
tbarudin@barudinlaw.com

9

*and*

HUNT LAW FIRM

By:  /s/ *Cynthia L. Zedalis*
Lee R. Hunt
Cynthia L. Zedalis
518 Old Santa Fe Trail, #501
Santa Fe, NM 87505
P: (505) 954-4868
F: (505) 819-0022
lee@huntlaw.com
cynthia@huntlaw.com
*Attorneys for Plaintiff*

JOHN C. ANDERSON
UNITED STATES ATTORNEY

By:  /s/ *Erin E. Langenwalter*
Assistant United States Attorney
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
P: (505) 346-7274
erin.langenwalter@usdoj.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 23rd day of December 2020, I filed the foregoing electronically through the CM/ECF System, which caused counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Lee R. Hunt*
Lee R. Hunt
